# EXHIBIT 1

Exhibit 1

## Case Information

DC-21-08325 | CONCEPCION DANIEL vs. KROGER TEXAS, LP

| Case Number | Court | Judicial Officer |
|---|---|---|
| DC-21-08325 | 68th District Court | HOFFMAN, MARTIN |
| File Date | Case Type | Case Status |
| 06/29/2021 | PROPERTY | OPEN |

## Party

PLAINTIFF
DANIEL, CONCEPCION

Address
10440 N. CENTRAL EXPRESSWAY
SUITE 1240
DALLAS TX 75231

Active Attorneys ▾
Lead Attorney
LIDJI, I SCOTT
Retained

DEFENDANT
KROGER TEXAS, LP

Address
BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE
COMPANY
701 BRAZOS STREET, SUITE 1050
AUSTIN TX 78701

Active Attorneys ▾
Lead Attorney
BRISCOE, B KYLE
Retained

## Events and Hearings

06/29/2021 NEW CASE FILED (OCA) - CIVIL

06/29/2021 ORIGINAL PETITION ▾

PLAINTIFF S ORIGINAL PETITION

06/29/2021 ISSUE CITATION ▾

ISSUE CITATION - KROGER TEXAS, LP

07/01/2021 CITATION ▾

Served
07/06/2021

Anticipated Server
ESERVE

Anticipated Method
Actual Server
OUT OF COUNTY

Returned
07/08/2021
Comment
KROGERS TEXAS, LP

07/08/2021 RETURN OF SERVICE ▾

EXECUTED CITATION - KROGERS TEXAS, LP

     Comment
     EXECUTED CITATION - KROGERS TEXAS, LP

07/15/2021 ORIGINAL ANSWER - GENERAL DENIAL

# Financial

DANIEL, CONCEPCION
     Total Financial Assessment                      $300.00
     Total Payments and Credits                  $300.00

| 6/29/2021 | Transaction Assessment | | | $300.00 |
| 6/29/2021 | CREDIT CARD - TEXFILE (DC) | Receipt # 41407-2021-DCLK | DANIEL, CONCEPCION | ($300.00) |

## Documents

PLAINTIFF S ORIGINAL PETITION

ISSUE CITATION - KROGER TEXAS, LP

EXECUTED CITATION - KROGERS TEXAS, LP

# EXHIBIT 2

Exhibit 2



DELIVERED
7 / 6 / 21
By PCC/215/MS7,
Austin Process, LLC

**FORM NO. 353-3 - CITATION**
**THE STATE OF TEXAS**

To:   **KROGER TEXAS, LP**
      **BY SERVING ITS REGISTERED AGENT: CORPORATION SERVICE COMPANY**
      **701 BRAZOS STREET, SUITE 1050**
      **AUSTIN, TX 78701**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty days after you were served this citation and  petition, a default judgment may be taken
against you. In addition to filing a written answer with the clerk, you may be required to make initial
disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days
after you file your answer with the clerk.  Find out more at TexasLawHelp.org.  Your answer should be
addressed to the clerk of the **68th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **CONCEPCION DANIEL**

Filed in said Court  **29th day of June, 2021** against

**KROGER TEXAS, LP**

For Suit, said suit being numbered **DC-21-08325**, the nature of which demand is as follows:
Suit on **PROPERTY** etc. as shown on said petition, **REQUEST FOR DISCLOSURE**, a copy of which
accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 1st day of July, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
        IRASEMA SUTHERLAND



---

**ESERVE**

**CITATION**

**DC-21-08325**

**CONCEPCION DANIEL**
**vs.**
**KROGER TEXAS, LP**

ISSUED THIS
**1st day of July, 2021**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  IRASEMA SUTHERLAND, Deputy

**Attorney for Plaintiff**
**I. SCOTT LIDJI**
THE LIDJI FIRM
10440 N. CENTRAL EXPY.
SUITE 1240
DALLAS, TX 75231
972-223-7455
scott@thelidjifirm.com
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. : DC-21-08325

Court No.68th District Court

Style: CONCEPCION DANIEL

vs.

KROGER TEXAS, LP

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of_____,

20_____, by delivering to the within named _____

_____

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |  |
|---|---|---|---|
| For serving Citation | $_____ | _____ |  |
| For mileage | $ _____ | of _____ County, _____ |  |
| For Notary | $_____ | By _____ Deputy |  |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

_____

Notary Public _____ County _____

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 54973035
Status as of 7/1/2021 11:50 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Legal Lidji | | legal@thelidjifirm.com | 7/1/2021 11:50:00 AM | SENT |

FILED
8/29/2021 10:25 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Gay Lane DEPUTY

1 CIT/ ES

DC-21-08325

CAUSE NO._____

| | | |
|---|---|---|
| **CONCEPCION DANIEL** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| | § | |
| **KROGERS TEXAS, LP** | § 68th | |
| | § | |
| **Defendants,** | § | **_____ JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, CONCEPCION DANIEL, complaining of Defendant,

KROGERS TEXAS, LP and for cause of action would show unto the Court the following:

### I.
### PARTIES AND SERVICE

Plaintiff

1.      Plaintiff, CONCEPCION DANIEL is a resident of Dallas, Texas.

Defendant

1.2      Defendant, Kroger Texas, L.P., is a Limited Partnership formed under the law of the State of

Ohio.  The general partner of Krogers Texas, L.P., is KGRP, Inc., an Ohio corporation with its

principal place of business in Ohio.  The only limited partner is KRLP. Inc., an Ohio corporation

with its principal place of business in Ohio.  Accordingly, Defendant Kroger Texas, L.P., is a citizen

of the State of Ohio.  Defendant Kroger, Texas, L.P., may be served with citation through its

registered agent:  Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas

78701.

PLAINTIFF'S ORIGINAL PETITION & REQUESTS FOR DISCLOSURE
PAGE 1

## II.
## JURISDICTION AND VENUE

2.1     This Court has jurisdiction over these Defendant as they conduct business in the State of Texas and the amount in controversy exceeds the minimum jurisdictional limit of this Court. Venue is proper in Dallas County, Texas under the Texas Civil Practices and Remedies Code §15.002 as the Kroger's store is located at Shiloh Road and 1406 West Walnut Street in Garland, Dallas County, Texas.

## III.
## FACTS

3.1     On July 15, 2019, Plaintiff, CONCEPCION DANIEL was entering the Kroger's store located at 1406 West Walnut Street in Garland, Texas and had just entered the store and was walking past the floral department when she slipped and fell on what she learned was a puddle of water, causing the Plaintiff's injuries in this matter.

3.2     As a result of the Defendant's negligent conduct, failing to keep the floors dry and safe and failing to place warning signs where the standing water was until it was cleaned, caused the Plaintiff's injury.

3.3     Consequently, Plaintiff suffered serious bodily injury as a result of the negligently maintained electric door which was the dangerous condition that injured the Plaintiff.

## IV.
## PREMISES LIABILITY

4.1     Plaintiff was a business invitee on the premises in question.

4.2     KROGER TEXAS, LP is the owner or property manager responsible for maintaining the grassy area and the rebar in question which forms the basis of this lawsuit occurred.

4.3     The condition of the wet floor created a dangerous condition on said premises.

4.4     Defendant knew or reasonably should have known of the above-referenced dangerous condition on said premises.

4.5     Defendants owed a duty to Plaintiff to warn of said dangerous condition and to make the dangerous condition safe. Defendant breached its duty by failing to warn and failing to make safe this dangerous condition.

4.6     Said breach of duty by Defendant was the proximate cause the Plaintiff's injuries complained of herein.

**V.**
**DAMAGES OF PLAINTIFF**

5.1     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was injured. Plaintiff demands compensation for the following damages.

1.     Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services;

2.     Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

3.     Physical pain and suffering and mental anguish in the past;

4.     Physical pain and suffering and mental anguish which, in all reasonable probability, will be suffered in the future;

5.     Physical impairment;

6.     Physical disfigurement;

7.     Loss of earning capacity in the past and future;

PLAINTIFF'S ORIGINAL PETITION & REQUESTS FOR DISCLOSURE
PAGE 3

8.      Loss of household services;

9.      By reason of all of the above, Plaintiff, has suffered losses and damages in a sum within the

jurisdictional limits of the Court and for which this lawsuit is brought.

## VI.
## PLAINTIFF'S DAMAGES - RULE 47

6.1.      Plaintiff refers to all the preceding and subsequent pleadings in this petition and

incorporated herein by this reference for all purposes.

6.1.      Pursuant to the provisions of Rule 47 of the Texas Rules of Civil Procedure, Plaintiff

alleges that the damages sought by Plaintiff are within the jurisdictional limits of the Court and

Plaintiff seeks monetary relief over $250,000.00 and less than $1,000,000.00. Plaintiff further

alleges that any award for damages is ultimately left to the purview of the jury.   Therefore, Plaintiff

seeks judgment for all other relief to which Plaintiff may be entitled.

6.3      As a direct and proximate result of the wrongful conduct of Defendant, as alleged herein,

Plaintiff has sustained both property damages as well as medical injuries, including past and future

pain and suffering, past and future lost wages, and economic damages.

## VII.
## REQUEST FOR DISCLOSURE

7.1      Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests Defendant to

disclose within fifty (50) days of service of this request, the information and material described in

Rule 194. Plaintiff further requests that the responding parties produce the responsive documents at

The LIDJI Firm in fifty (50) days of service of this request. This Request was initially served on

Defendant with Plaintiff's Original Petition.

## VIII.
## JURY DEMAND

8.1      Plaintiff requests a trial by jury in this matter.

**PLAINTIFF'S ORIGINAL PETITION & REQUESTS FOR DISCLOSURE**
**PAGE 4**

## IX.
## DOCUMENTS TO BE USED

9.1     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff intends to use all documents exchanged and/or produced between, by, or among any parties in this matter, including but not limited to, correspondence, discovery responses, and records (obtained via depositions upon written questions, by subpoena, by affidavit, or otherwise), during the trial of the above-entitled and numbered cause. Moreover, Defendant is put on notice not to destroy any evidence, including, but not limited to reports, files, inter-office emails, intra-office emails, emails from the store from the corporate office, and/or any communication whatsoever related to the defective seating system that resulted in the Plaintiff's incident on July 15, 2019. Furthermore, this notice includes preserving any and all videotape surveillance of the incident in question as well as any evidence related to the floral department on July 15, 2019.

## X.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court, together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**The LIDJI Firm**


*/s/ I. Scott Lidji*
I. Scott Lidji
Texas Bar No. 24000336
scott@thelidjifirm.com
Mary Jo R. Betzen
State Bar No. 24089054
maryjo@thelidjifirm.com
CARLOS G. GALLIANI
Texas Bar No. 24069752
carlos@thelidjifirm.com
Meadow Park Tower
10440 N. Central Expressway
Suite 1240
Dallas, Texas 75231
legal@thelidjifirm.com
(972) 223-7455 (Tel)
(214) 753-4751 (Fax)
(800) BADPILL (Toll free)
Website: BADPILL.COM
**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT 3

Exhibit 3

FILED
7/15/2021 2:19 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Marissa Gomez DEPUTY

CAUSE NO. DC-21-08325

| | | |
|---|---|---|
| CONCEPCION DANIEL, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | 68TH JUDICIAL DISTRICT |
| | § | |
| KROGERS TEXAS, LP | § | |
| Defendant. | § | OF DALLAS COUNTY, TEXAS |

---

## DEFENDANT KROGER TEXAS L.P.'S ORIGINAL ANSWER AND VERIFIED DENIAL

COMES NOW, Defendant KROGER TEXAS L.P. (improperly named as "Krogers Texas, LP") and files this, its Original Answer and shows the Court as follows:

**I.**
**VERIFIED DENIAL**

By way of verified denial pursuant to Rule 93 of the Texas Rules of Civil Procedure, Defendant denies that Plaintiff is entitled to recover from " Krogers Texas, LP " in the capacity in which this entity has been sued. Defendant denies that " Krogers Texas, LP " owned or operated the store at issue on the date of this incident. Defendant also denies that " Krogers Texas, LP," as named, is an entity in existence. Consequently, Plaintiff has no right or potential right of recovery against " Krogers Texas, LP " because the proper party has not been sued. *See, e.g., Ray Malooly Trust v. Juhl*, 186 S.W.3d 568, 571 (Tex. 2006).

**II.**
**GENERAL DENIAL**

Defendant denies each and every material allegation contained in Plaintiff's Original Petition, demands strict proof thereof, and to the extent that such matters are questions of fact, says Plaintiff should prove such facts by a preponderance of the evidence to a jury if she can so do.

---

**III.**

**DEFENSES**

1.      Defendant had neither actual nor constructive knowledge of the condition about which Plaintiff complains, and further asserts that, in any event, the alleged hazard was not "unreasonably dangerous."

2.      Alternatively, Defendant provided adequate warning of the condition at issue.

3.      Plaintiff's damages or injuries, if any, were caused by the acts of third persons not under the control of Defendant.  Such acts or omissions of said third persons were the sole and/or a producing and/or a proximate and/or an intervening and/or a supervening cause of Plaintiff's damages or injuries, if any.

4.      The alleged premises condition of which Plaintiff complains was already appreciated by Plaintiff, was open and obvious, was not concealed, and/or was a known risk and, therefore, Defendant denies that it owed any duty to warn Plaintiff of the alleged premises condition or protect Plaintiff from same. *Austin v. Kroger Texas L.P.*, 465 S.W.3d 193, 203 (Tex. 2015).

5.      Plaintiff failed to use that degree of care and caution that would have been used by a reasonable person under the same or similar circumstances, thereby producing or proximately causing or contributing to cause Plaintiff's injuries and damages, if any.  Such acts or omissions of Plaintiff were the sole and/or a producing and/or a proximate and/or a supervening and/or an intervening cause of Plaintiff's damages or injuries, if any.

6.      In the alternative, the accident complained of was an unavoidable accident, as that term is defined under Texas law.

7.      Defendant respectfully requests that the factfinder allocate responsibility, if any, among all parties, settling parties, and responsible third parties, in accordance with Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

8.      In the unlikely event an adverse judgment is rendered against Defendant in this matter, Defendant respectfully prays for contribution, indemnity and/or all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law.

9.      To the extent that the damages about which Plaintiff complains, if any, were the result of prior or pre-existing or subsequent injuries, accidents or conditions, said prior or pre-existing or subsequent injuries, accidents or conditions were the sole and/or a contributing cause of Plaintiff's damages alleged against Defendant.

10.      To the extent that Plaintiff breached Plaintiff's duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of damages, such damages are not reasonable or necessary.

11.      To the extent that Plaintiff is malingering and/or exaggerating the nature and severity of Plaintiff's injuries in order to continue treatment, Defendant contends said treatment is not medically necessary or reasonable.

12.      Any claims for past and future medical or health care expenses are limited to the customary and usual amounts charged for reasonable and necessary medical care and, with respect to past medical expenses, are further limited to the amounts actually paid or incurred by or on behalf of Plaintiff, pursuant to Texas Civil Practice and Remedies Code § 41.0105.

13.      Pursuant to Texas Civil Practice & Remedies Code § 18.091, to the extent that Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity and/or

loss of contributions of pecuniary value, evidence of such alleged losses must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

## COURT REPORTER REQUESTED

Kroger respectfully demands a court reporter be present at all proceedings before the Court.

## IV.
## PRAYER

Defendant respectfully prays that Plaintiff take nothing by this cause of action, that Defendant be permitted to recover the costs expended on its behalf, and for such other and further, both general and special, at law and in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

/s/ B. Kyle Briscoe

**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Michael W. Stumbaugh**
State Bar No. 24041987
mstumbaugh@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (fax)

**ATTORNEYS FOR DEFENDANT**

## VERIFICATION

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF TARRANT** | § |

Before me, the undersigned authority, did personally appear Michael W. Stumbaugh, who upon his oath deposes and says that he is one of the attorneys for Defendant, that he has never been convicted of a crime, and that he is over the age of 21 and competent to make this verification.  Accordingly, Mr. Stumbaugh verifies that the facts alleged in Section I Verified Denial of the foregoing pleading are true and correct.

_____
Michael W. Stumbaugh

Subscribed and sworn to before me on this 15th day of July, 2021.

Mark Spencer Forester
My Commission Expires
11/23/2021
ID No. 128111201

_____
NOTARY PUBLIC in and for the State of Texas

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Texas Rules of Civil Procedure on July 15, 2021.

/s/ B. Kyle Briscoe
_____
B. Kyle Briscoe

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Bryan Briscoe on behalf of Bryan Briscoe
Bar No. 24069421
kbriscoe@peavlerbriscoe.com
Envelope ID: 55389805
Status as of 7/15/2021 3:44 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Legal Lidji | | legal@thelidjifirm.com | 7/15/2021 2:19:37 PM | SENT |
| Kyle Briscoe | | kbriscoe@peavlerbriscoe.com | 7/15/2021 2:19:37 PM | SENT |
| Michael Stumbaugh | | mstumbaugh@peavlerbriscoe.com | 7/15/2021 2:19:37 PM | SENT |
| Mark Forester | | mforester@peavlerbriscoe.com | 7/15/2021 2:19:37 PM | SENT |
| Liz Contreras | | econtreras@peavlerbriscoe.com | 7/15/2021 2:19:37 PM | SENT |